IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| AMERICAN BIRD CONSERVANCY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-CV-723 (TSE/TRJ) |
| ) | |
| U.S. FISH AND WILDLIFE SERVICE ) | |
| U.S. DEPARTMENT OF THE INTERIOR, ) | *VAUGHN INDEX* |
| ) | |
| Defendants. ) | |
| ) | |

I.    **Introduction**

On June 14, 2013, United States Fish and Wildlife Service ("FWS") and Office of the

Secretary (Collectively "Defendants) received a complaint from Plaintiff.  Plaintiff's Complaint

alleged that FWS failed to time respond to three categories of documents: its appeals for (1)

"FOIA Requests Relating to Wildlife Impacts at Specific Facilities" (FWS Regions 2, 3, and 6),

and (2) "FOIA Request for Interagency Comments on Wind Energy Guidelines;" and (3)

produce documents responsive to its "FOIA Request For Documents Concerning Eagle Act Take

Permits."

Regarding the third category, "FOIA Request For Documents Concerning Eagle Act

Take Permits," on August 15, 2013, the  Defendants completed a final review of 1,187 pages. It

incorporated the FOIA Officer's recommended changes, and mailed out a redacted version of the

requested file to Plaintiff with a cover letter explaining the FOIA exemptions invoked and

providing appeal rights. But for 225 pages which had minor redactions, this was a full release.

This completed Defendants' response to the FOIA request.

## II.    *Vaughn* Index

"The purpose of a *Vaughn* index is to afford the FOIA requester with a meaningful

opportunity to contest, and the district court an adequate foundation to review, the soundness of

the withholding" of documents by the agency.  *Citizens Comm'n on Human Rights v. FDA*, 45

F.3d 1325, 1328 (9th Cir. 1995) (quotations omitted); *see also Fiduccia v. Dep't of Justice*, 185

F.3d 1035, 1042 (9th Cir. 1999) (stating that the purpose of the *Vaughn* index is "so that the

requester and the court can have a fair idea what the agency is refusing to produce and why.").

As a general rule, the index "must: (1) identify each document withheld; (2) state the statutory

exemption claimed; and (3) explain how disclosure would damage the interests protected by the

claimed exemption."  *Id.* at 1326 n.1. "The agency is not required, however, to specify its

objections to disclosure in such detail as to compromise the secrecy of the information."  *Bowen

v. FDA*, 925 F.2d 1225, 1227 (9th Cir. 1991).  So long as the *Vaughn* Index and the declarations

filed in the case "contain reasonably detailed descriptions of the documents and allege facts

sufficient to establish an exemption, the district court need look no further."  *Id.* (quotations

omitted).

## II.A.    Description of the Documents

Each entry in the index below includes a separate description of each document within a

record.  *See Citizens Comm'n*, *supra*, 45 F.3d at 1326 n.1 (stating that a *Vaughn* index "must: (1)

identify each document withheld").  The description includes a brief description of the type of

document or documents, the subject of the document(s), a description of the information in and

substance of the document, and, where applicable, the author, addressee, and date of each

document. Further description of these documents can be found by category below.

**II.B.    Identification of Applicable Exemption**

This index also specifies whether the document qualifies under Exemption 4, 5, or 6. *See id.* (stating that index must "(2) state the statutory exemption claimed"). Only "inter-agency or intra-agency material" was withheld pursuant to Exemption 5, and only personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy material was withheld pursuant to Exemption 6.

Those portions of the documents that have been withheld pursuant to the deliberative process privilege of Exemption 5 were both pre-decisional and deliberative. They did not contain or represent formal or informal agency policies or decisions. They were the result of frank and open discussions among employees of the Department of the Interior. Therefore, their content has been held confidential by all parties. Public dissemination of this information would have a chilling effect on the agency's deliberative processes; it would expose the agency's decision-making process in such a way as to discourage candid discussion within the agency and thereby undermine its ability to perform its mandated functions.

The Exemption 6 records that Defendants have withheld consisted of personal information, and Defendants have determined that the individuals to whom this information pertains have a substantial privacy interest in it. Additionally, Defendants have determined that the disclosure of this information would shed little or no light on the performance of the agency's

statutory duties and that, on balance; the public interest to be served by its disclosure does not outweigh the privacy interest of the individuals in question, in withholding it.

Lastly, the Exemption 4 records that Defendants have withheld consisted of (1) information that was (1) a trade secret or commercial or financial in nature; (2) obtained from a person; and (3) privileged or confidential. Defendants have determined that the submitters, all commercial entities, have a commercial interest in the records and releasing them could cause substantial harm to the competitive position of the submitters.

## II.C.   <u>Justification</u>

This index also provides general information about the reasons the Department withheld the records pursuant to Exemptions 4, 5, and 6. *See Bowen*, 925 F.2d at 1227 (stating that the *Vaughn* index was sufficient where it included "reasons for asserting the exemption and each of the asserted exemptions' statutory bases").

Within the context of this general background, the documents the Department withheld and the basis for the decision to withhold them are provided below.

<u>Office of the Secretary Documents</u>

---

1. **Type of Document:** Briefing Memorandum for Deputy Secretary (4 p)
   **Subject:** Meeting with Environmental Groups and Wind Industry, March 27, 2013
   **To:** Deputy Secretary Hayes
   **From:** Dan Ashe, Director of FWS
   **Date:** March 26, 2013
   **Description: This document has been released, but partially redacted.** This document provides the Deputy Secretary with a background on wind industry related issues concerning DOI. The portions redacted in the document are deliberative and depict DOI's preliminary recommendations and concerns about the eagle conservation program. Also, these redactions describe DOI discussions with OMB on the program. It is deliberative information that would be harmful to DOI if released because it describes the government's procedure and thoughts/concerns on developing the program. The deliberative process privilege protects

the decision making process of government agencies and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl.

**Exemption(s) Claimed:** Exemption 5

**Corresponding Page(s):** 13-00194ca pages 3, 4, 7, 8; 13-00194cb 81, 82, 88, 89; 13-00194cc 22, 23, 78, 79; 13-00194cd 92, 93; 13-00194ce 142, 143, 254, 255, 259, 260, 264, 265

| | |
|---|---|
| 2. | **Type of Document:** Notes from wind meeting with NGOs (3 p)<br>**Subject:** Notes from Wind Meeting with NGOs<br>**To:** N/A<br>**From:** N/A<br>**Date:** March 27, 2013<br>**Description:** **This document has been released, but partially redacted.** The portions redacted contain internal suggestions on the eagle permits. It is unknown whether DOI went through with the suggestions so therefore the redactions are deliberative and should not be released to the public. The deliberative process privilege protects the decision making process of government agencies and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl.<br>**Exemption(s) Claimed:** Exemption 5<br>**Corresponding Page(s):** 13-00194ca pages 13, 15 |
| 3. | **Type of Document:** Email (3p)<br>**Subject:** Eagle Rule<br>**To:** Various<br>**From:** Various<br>**Date:** Dec. 2012- Jan. 2013<br>**Description:** **This document has been released, but partially redacted.** The portions redacted in the document are deliberative and depict DOI's preliminary discussions on the eagle rule. Also, these redactions describe DOI discussions with OMB on the rule. It is deliberative information that would be harmful to DOI if released because it describes the government's procedure and thoughts/concerns. The redactions in the 13-00194cd page describe DOI's assumptions on how many research projects there will be and when they expect the research piece will be done. The deliberative process privilege protects the decision making process of government agencies and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl. The b6 redaction describes a personal medical issue. Exemption 6 allows an agency to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."<br>**Exemption(s) Claimed:** Exemptions 5 and 6<br>**Corresponding Page(s):** 13-00194cb pages 8, 9; 13-00194cd 100 |
| 4. | **Type of Document:** Email (3p)<br>**Subject:** Eagles MTG<br>**To:** Various<br>**From:** Various<br>**Date:** Jan. 2013 |

**Description: This document has been released, but partially redacted.** The b6 redaction describes a personal medical issue. Exemption 6 allows an agency to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."
**Exemption(s) Claimed:** Exemption 6
**Corresponding Page(s):** 13-00194cb page 31

---

5. **Type of Document:** Email (4p)
**Subject:** Invitation for Meeting on Eagles
**To:** Various
**From:** Various
**Date:** Feb. 2013
**Description: This document has been released, but partially redacted.** Call-in number and passcode. Pursuant to the confidential commercial information privilege, conference call codes and passcodes have been withheld under Exemption 5. This information constitutes "intra-agency" documents because they are only shared with members of the Department of the Interior for the purpose of conducting official government business. Moreover, this information qualifies as "confidential commercial information" because the government entered the marketplace as an ordinary commercial buyer.
**Exemption(s) Claimed:** Exemption 5
**Corresponding Page(s):** 13-00194cb 41; 13-00194cc 89; 13-00194ce 84, 86, 89, 91, 93, 94, 175

---

6. **Type of Document:** Email (3p)
**Subject:** Eagle Regulations Consultation Proposal
**To:** Various
**From:** Various
**Date:** Feb. 2013
**Description: This document has been released, but partially redacted.** The portions redacted in the document are deliberative and depict DOI's preliminary concerns on the eagle consultation proposal. It is deliberative information that would be harmful to DOI if released because it describes the government's procedure and thoughts/concerns. The deliberative process privilege protects the decision making process of government agencies and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl.
**Exemption(s) Claimed:** Exemption 5
**Corresponding Page(s):** 13-00194cb 45

---

7. **Type of Document:** Email (2p)
**Subject:** Draft Agenda for Feb 11 Eagle Meeting
**To:** Various
**From:** Various
**Date:** Feb. 2013
**Description: This document has been released, but partially redacted.** The portions redacted in the document are deliberative and depict DOI's planning for the Feb. 2013 eagle meeting. It is deliberative information that would be harmful to DOI if released because it

describes the government's procedure and thoughts/concerns. Also it is unknown whether their plans/suggestions for the meeting were added to the agenda. The deliberative process privilege protects the decision making process of government agencies and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl. A "predecisional" document is one "prepared in order to assist an agency decision maker in arriving at his decision, and may include "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency.

**Exemption(s) Claimed:** Exemption 5

**Corresponding Page(s):** 13-00194cb 49; 13-00194cd 32; 13-00194ce 97, 99

| | |
|---|---|
| 8. | **Type of Document:** Email (4p)<br>**Subject:** Meeting with Wind-Enviro Coalition<br>**To:** Various<br>**From:** Various<br>**Date:** Feb. 2013<br>**Description: This document has been released, but partially redacted.** The portions redacted in the document are deliberative and depict DOI's preliminary discussions on an eagle rule and meeting. Also, these redactions describe DOI discussions with OMB on the rule. It is deliberative information that would be harmful to DOI if released because it describes the government's procedure and thoughts/concerns. The deliberative process privilege protects the decision making process of government agencies and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl.<br>**Exemption(s) Claimed:** Exemption 5<br>**Corresponding Page(s):** 13-00194cb 52, 53, 54 |
| 9. | **Type of Document:** Email (2p)<br>**Subject:** Eagles<br>**To:** Various<br>**From:** Various<br>**Date:** March 2013<br>**Description: This document has been released, but partially redacted.** The portions redacted in the document are deliberative and depict DOI's preliminary discussions on a meeting with stakeholders. It is deliberative information that would be harmful to DOI if released because it describes the government's procedure and thoughts/concerns. The deliberative process privilege protects the decision making process of government agencies and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl.<br>**Exemption(s) Claimed:** Exemption 5<br>**Corresponding Page(s):** 13-00194cb 55 |
| 10. | **Type of Document:** Email (5p)<br>**Subject:** Eagles—Next Steps<br>**To:** Various<br>**From:** Various |

**Date:** March 2013

**Description:** **This document has been released, but partially redacted.** The portions redacted in the document are deliberative and depict DOI's preliminary discussions on an eagle rule and meeting. Also, these redactions describe DOI discussions with OMB on the rule. It is deliberative information that would be harmful to DOI if released because it describes the government's procedure and thoughts/concerns. The portions describe DOI's thoughts on what the deputy secretary should say at the meeting. The deliberative process privilege protects the decision making process of government agencies and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl.

**Exemption(s) Claimed:** Exemption 5

**Corresponding Page(s):** 13-00194cb 58, 59; 13-00194cd 5, 41, 42, 103; 13-00194ce 224, 227, 228, 231, 232, 234, 235, 237, 240, 242

---

11. **Type of Document:** Email (3p) and (1p)

**Subject:** Eagles Meeting and Invitation on Meeting on Eagles

**To:** Various

**From:** Various

**Date:** March 2013

**Description:** **This document has been released, but partially redacted.** Call-in number and passcode. Pursuant to the confidential commercial information privilege, conference call codes and passcodes have been withheld under Exemption 5. This information constitutes "intra-agency" documents because they are only shared with members of the Department of the Interior for the purpose of conducting official government business. Moreover, this information qualifies as "confidential commercial information" because the government entered the marketplace as an ordinary commercial buyer.

**Exemption(s) Claimed:** Exemption 5

**Corresponding Page(s):** 13-00194cb 62, 63, 65; 13-00194ce 222, 244, 245, 247, 248, 250, 251

---

12. **Type of Document:** The U.S. FWS and USGS Plan (8p)

**Subject:** Eagle Conservation and Wind Development

**To:** N/A

**From:** N/A

**Date:** N/A

**Description:** **This document has been released, but partially redacted.** The portions redacted in the document are deliberative and depict DOI's preliminary discussions on eagle conservation. Also, these redactions describe the department's solicitors office's concerns. It is deliberative information that would be harmful to DOI if released because it describes the government's thoughts/concerns. The deliberative process privilege protects the decision making process of government agencies and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl.

**Exemption(s) Claimed:** Exemption 5

**Corresponding Page(s):** 13-00194cb 67, 68; 13-00194cc 11, 12; 13-00194cd 7, 8

13. **Type of Document:** FWS Draft (5p)
**Subject:** A Blueprint for Eagle Conservation and Wind Energy Development
**To:** N/A
**From:** N/A
**Date:** Various dates
**Description: This document has been released, but partially redacted.** The portions redacted in the document are deliberative and depict DOI's preliminary discussions on eagle conservation. The document is a draft and the portions redacted are differences between the final version and notes on changes to make. It is deliberative information that would be harmful to DOI if released because it describes the government's thoughts/concerns and it may confuse the public since the final version is public/ was released to the requester. The deliberative process privilege protects the decision making process of government agencies and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl. A "predecisional" document is one prepared in order to assist an agency decision maker in arriving at his decision, and may include recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency.
**Exemption(s) Claimed:** Exemption 5
**Corresponding Page(s):** 13-00194cb 99, 100; 13-00194cc 92, 93, 94; 13-00194ce 151, 152, 153, 677, 678, 679, 707, 708, 709, 755, 756, 814, 815, 824, 825

14. **Type of Document:** Meeting Reminder (1p)
**Subject:** Eagle Meeting with Stakeholders
**To:** Various
**From:** Gareth Rees
**Date:** Feb. 11, 2013
**Description: This document has been released, but partially redacted.** Call-in number and passcode. Pursuant to the confidential commercial information privilege, conference call codes and passcodes have been withheld under Exemption 5. This information constitutes "intra-agency" documents because they are only shared with members of the Department of the Interior for the purpose of conducting official government business. Moreover, this information qualifies as "confidential commercial information" because the government entered the marketplace as an ordinary commercial buyer.
**Exemption(s) Claimed:** Exemption 5
**Corresponding Page(s):** 13-00194cc 19, 44; 13-00194cd 48

15. **Type of Document:** Email (3p)
**Subject:** Draft Briefing Paper for David Hayes/ Tomorrow's Meeting
**To:** Various
**From:** Various
**Date:** March 2013
**Description: This document has been released, but partially redacted.** The portions redacted in the document are deliberative and depict DOI's preliminary discussions the eagle rule and permit process. It is deliberative information that would be harmful to DOI if released because it describes the government's procedure and thoughts/concerns. The deliberative process privilege protects the decision making process of government agencies

and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl. A "predecisional" document is one prepared in order to assist an agency decision maker in arriving at his decision, and may include recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency.
**Exemption(s) Claimed:** Exemption
**Corresponding Page(s):** 13-00194cd 2

| | |
|---|---|
| 16. | **Type of Document:** Email (4p)<br>**Subject:** Eagle Meeting Update<br>**To:** Various<br>**From:** Various<br>**Date:** Feb 2013<br>**Description:** **This document has been released, but partially redacted.** The portions redacted in the document are deliberative and depict DOI's preliminary discussions on an eagle meeting and permit proposals. Also, these redactions describe work on permit processing. It is deliberative information that would be harmful to DOI if released because it describes the government's procedure and thoughts/concerns. The deliberative process privilege protects the decision making process of government agencies and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl.<br>**Exemption(s) Claimed:** Exemption 5<br>**Corresponding Page(s):** 13-00194cd 34, 35, 36 |
| 17. | **Type of Document:** Email (1 p)<br>**Subject:** More Eagle Work for Early Next Week<br>**To:** Various<br>**From:** Various<br>**Date:** March 2013<br>**Description:** **This document has been released, but partially redacted.** The portions redacted in the document are deliberative and depict DOI's preliminary discussions on eagle rule/meeting. Also, these redactions describe items the deputy secretary has asked fws to articulate at the meeting. It is unknown whether these issues were in fact articulated by fws. It is deliberative information that would be harmful to DOI if released because it describes the government's procedure and thoughts/concerns. The deliberative process privilege protects the decision making process of government agencies and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl.<br>**Exemption(s) Claimed:** Exemption 5<br>**Corresponding Page(s):** 13-00194cd 40 |
| 18. | **Type of Document:** Email (1p)<br>**Subject:** Defenders Letter Signatories Meeting<br>**To:** Various<br>**From:** Various<br>**Date:** Nov. 2012<br>**Description:** **This document has been released, but partially redacted.** The portions |

redacted in the document are deliberative and depict DOI's  preliminary discussions on
building an eagle meeting agenda.  It is unknown whether the issues were in addressed at the
meeting. It is deliberative information that would be harmful to DOI if released because it
describes the government's procedure and thoughts/concerns. The deliberative process
privilege protects the decision making process of government agencies and encourages the
frank discussion of legal and policy issues by ensuring that agencies are not forced to
operate in a fishbowl.
**Exemption(s) Claimed:** Exemption 5
**Corresponding Page(s):** 13-00194cd 61, 80, 82

| | |
|---|---|
| 19. | **Type of Document:** Email (5p) |

**Subject:** Eagle Dialog
**To:** Various
**From:**  Various
**Date:** Nov. 2012
**Description:  This document has been released, but partially redacted.**   The portions
redacted in the document are deliberative and depict DOI's  preliminary discussions on the
eagle meeting.  It is unknown whether the issues were in addressed at the meeting. It is
deliberative information that would be harmful to DOI if released because it describes the
government's procedure and thoughts/concerns. The deliberative process privilege protects
the decision making process of government agencies and encourages the frank discussion of
legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl.
**Exemption(s) Claimed:** Exemption 5
**Corresponding Page(s):** 13-00194cd 63, 68

| | |
|---|---|
| 20. | **Type of Document:** Email (2p) |

**Subject:** Follow Up to October 2012 Letter and Eagles
**To:** Various
**From:**  Various
**Date:** Dec. 2012
**Description: This document has been released, but partially redacted.**  Portions redacted
are personal vacation plans. There is no public interest in releasing the information.
Exemption 6 allows an agency to withhold "personnel and medical files and similar files the
disclosure of which would constitute a clearly unwarranted invasion of personal privacy."
**Exemption(s) Claimed:** Exemption 6
**Corresponding Page(s):** 13-00194cd 90

| | |
|---|---|
| 21. | **Type of Document:** Email (3p) |

**Subject:** Facilitator
**To:** Various
**From:** Various
**Date:** Jan. 2013
**Description:  This document has been released, but partially redacted.**   The portions
redacted in the document are deliberative and depict DOI's  preliminary discussions on the
eagle meeting. The portions redacted describe processes the DOI is considering applying to
the eagle stakeholder process.  It is unknown whether the issues were implemented. It is

deliberative information that would be harmful to DOI if released because it describes the government's procedure and thoughts/concerns. The deliberative process privilege protects the decision making process of government agencies and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl.
**Exemption(s) Claimed:** Exemption 5
**Corresponding Page(s):** 13-00194cd 98

| 22. | **Type of Document:** Email (3p) |
|---|---|

**Subject:** Input to David Hayes Questions
**To:** Various
**From:** Various
**Date:** March 2013
**Description: This document has been released, but partially redacted.** The portions redacted in the document are deliberative and depict DOI's preliminary discussions on the tenure rule. They also describe what David Cottingham is focusing his work on. It is deliberative information that would be harmful to DOI if released because it describes the government's procedure and thoughts/concerns. The deliberative process privilege protects the decision making process of government agencies and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl.
**Exemption(s) Claimed:** Exemption 5
**Corresponding Page(s):** 13-00194cd 105, 106

| 23. | **Type of Document:** Weekly Report to the Secretary (5p) |
|---|---|

**Subject:** Weekly Report to the Secretary
**To:** Secretary Salazar
**From:** N/A
**Date:** Various
**Description: This document has been released, but partially redacted.** The portions redacted under b5 in the document are deliberative and depict issues that are reported to the secretary. They describe priority and active projects and also urgent issues. Other pages of the documents have been withheld as nonresponsive since they make no mention of the subject of the requester's FOIA (eagles). The information redacted on the responsive pages is deliberative and would be harmful to DOI if released because it describes the government's procedure and thoughts/concerns. The deliberative process privilege protects the decision making process of government agencies and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl.
**Exemption(s) Claimed:** Exemption 5
**Corresponding Page(s):** 13-00194ce 16, 178, 196, 203, 269, 574

| 24. | **Type of Document:** Email (2p) |
|---|---|

**Subject:** 30 Year Eagle Take Permit
**To:** Various
**From:** Various
**Date:** Feb. 2013
**Description: This document has been released, but partially redacted.** The portions redacted in the document are deliberative and depict DOI's discussions relating to a letter

from the American Bird Conservancy. The portions redacted describe DOI's thoughts on the letter and the tenure rule. It is deliberative information that would be harmful to DOI if released because it describes the government's procedure and thoughts/concerns. The deliberative process privilege protects the decision making process of government agencies and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl.
**Exemption(s) Claimed:** Exemption 5
**Corresponding Page(s):** 13-00194ce 183, 193

| | |
|---|---|
| 25. | **Type of Document:** Eagle Activity Update (2p)<br>**Subject:** Eagle Activity Update<br>**To:** N/A<br>**From:** N/A<br>**Date:** March 15, 2013<br>**Description:** **This document has been released, but partially redacted.**  The portions redacted under b5 in the document are deliberative and depict issues with eagle activity. They describe DOI guidance, next steps, and discussions on future plans. The information redacted on the responsive pages is deliberative and would be harmful to DOI if released because it describes the government's procedure and thoughts/concerns. It is unknown whether the guidance and future plans were implemented. This information depicts DOI's deliberative process.  The deliberative process privilege protects the decisionmaking process of government agencies and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl.<br>**Exemption(s) Claimed:** Exemption 5<br>**Corresponding Page(s):** 13-00194ce 208, 209, 211, 212, 214, 215, 218, 219 |
| 26. | **Type of Document:** Draft Eagle Conservation Plan Guidance (142p)<br>**Subject:** Module 1—Land-based Wind Energy Version<br>**To:** N/A<br>**From:** N/A<br>**Date:** July 2012<br>**Description:** **This document has been released, but partially redacted.**  The portions redacted in the document are deliberative and depict DOI's  preliminary discussions on eagle conservation. The document is a draft and the portions redacted are differences between the final version and notes on changes to make. It is deliberative information that would be harmful to DOI if released because it describes the government's thoughts/concerns and it may confuse the public since the final version is public at http://www.fws.gov/windenergy/PDF/Eagle%20Conservation%20Plan%20Guidance-Module%201.pdf. The deliberative process privilege protects the decision making process of government agencies and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl.  A "predecisional" document is one prepared in order to assist an agency decision maker in arriving at his decision, and may include recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency.<br>**Exemption(s) Claimed:** Exemption 5 |

**Corresponding Page(s):** 13-00194ce 281, 283, 284, 287, 289, 290, 300, 301, 302, 303, 322, 268, 371, 372, 424, 426, 427, 430, 432, 433, 443, 444, 445, 446, 465, 511, 514, 515

---

27. **Type of Document:** Draft FAQ Bullet Points (9p)
**Subject:** Draft FAQ Bullet Points
**To:** N/A
**From:** N/A
**Date:** Aug. 17, 2012
**Description:** **This document has been released, but partially redacted.** The portions redacted in the document are deliberative and depict DOI's draft answer to frequently asked questions on various DOI plans. The document is a draft and the portions redacted are deliberative information that would be harmful to DOI if released because it describes the government's thoughts/concerns. It is unknown whether these answers were used, and therefore it may confuse the public if released. The deliberative process privilege protects the decision making process of government agencies and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl. A "predecisional" document is one prepared in order to assist an agency decision maker in arriving at his decision, and may include recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency.
**Exemption(s) Claimed:** Exemption 5
**Corresponding Page(s):** 13-00194ce 563, 564, 565, 566, 567, 568, 569, 570, 571

---

28. **Type of Document:** Draft 2013 Proposed Renewable Energy Priority Projects
**Subject:** Draft 2013 Proposed Renewable Energy Priority Projects
**To:** N/A
**From:** N/A
**Date:** 2012
**Description:** **This document has been released, but partially redacted.** The portions redacted in the document are deliberative and depict DOI's proposed projects for 2013. The document is a draft and the portions redacted are deliberative information that would be harmful to DOI if released because it describes the government's future plans. It is unknown whether these plans came through, and therefore it may confuse the public if released. The deliberative process privilege protects the decision making process of government agencies and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl. A "predecisional" document is one prepared in order to assist an agency decision maker in arriving at his decision, and may include recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency.
**Exemption(s) Claimed:** Exemption 5
**Corresponding Page(s):** 13-00194ce 572

---

29. **Type of Document:** Email and Attachment (6p)
**Subject:** Highlights from Week of 8/27
**To:** Jenea Scott
**From:** Steve Black

**Date:** Aug. 31, 2012

**Description: This document has been released, but partially redacted.** The portions redacted in the document are deliberative and depict DOI's proposed future plans. They describe DOI guidance, next steps, and discussions on future plans. The information redacted on the responsive pages is deliberative and would be harmful to DOI if released because it describes the government's procedure and thoughts/concerns. It is unknown whether the guidance and future plans were implemented. This information depicts DOI's deliberative process. The attachments were also redacted because they also describe the government's procedure and thoughts/concerns. The deliberative process privilege protects the decision making process of government agencies and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl.

**Exemption(s) Claimed:** Exemption 5

**Corresponding Page(s):** 13-00194ce 638, 639, 640, 641, 642, 643

---

30. **Type of Document:** Email

**Subject:** Follow-Up to Our Discussion

**To:** Various

**From:** Various

**Date:** Sept. 2012

**Description: This document has been released, but partially redacted.** The information redacted was a personal email address. The name of the recipient was released, but the email address was redacted.

**Exemption(s) Claimed:** Exemption 6

**Corresponding Page(s):** 13-00194ce 644, 650, 782

---

31. **Type of Document:** Email

**Subject:** The Letter

**To:** Julie Falkner

**From:** Steve Black

**Date:** Oct. 5, 2012

**Description: This document has been released, but partially redacted.** The information redacted is a personal cell phone number. There is no public interest in releasing the information. Exemption 6 allows an agency to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

**Exemption(s) Claimed:** Exemption 6

**Corresponding Page(s):** 13-00194ce 656, 659, 662, 788, 791, 794

---

32. **Type of Document:** Email and Draft Attachment (4p)

**Subject:** Eagles and Info Memo to the Secretary

**To:** Various

**From:** Steve Black

**Date:** Nov. 27, 2012

**Description: This document has been released, but partially redacted.** The portions redacted in the document are deliberative. They describe DOI's concerns and issues with the eagle permit project. The information redacted on the responsive pages is deliberative and

would be harmful to DOI if released because it describes the government's thoughts/concerns. The attachment is also redacted because it is a draft version of an information memo to the secretary. The final copy is not available and it may confuse the public if released. The deliberative process privilege protects the decision making process of government agencies and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl. A "predecisional" document is one prepared in order to assist an agency decision maker in arriving at his decision, and may include recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency.
**Exemption(s) Claimed:** Exemption 5
**Corresponding Page(s):** 13-00194ce 666, 667, 668, 669, 673, 674, 675, 676, 809, 810, 811, 812, 819, 820, 821, 822

33. **Type of Document:** Email (2p)
**Subject:** Updated Memo
**To:** Steve Black
**From:** Kenneth Lane
**Date:** Nov. 30, 2012
**Description: This document has been released, but partially redacted.** The portions redacted in the document are deliberative and depict DOI's proposed future plans. They describe DOI guidance, next steps, and discussions on future plans. The information redacted on the responsive pages is deliberative and would be harmful to DOI if released because it describes the government's procedure and thoughts/concerns. It is unknown whether the guidance and future plans were implemented. This information depicts DOI's deliberative process. The deliberative process privilege protects the decision making process of government agencies and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl.
**Exemption(s) Claimed:** Exemption 5
**Corresponding Page(s):** 13-00194ce 670

Fish and Wildlife Service: Office of Management and Budget and Council on Environmental Quality Comments

1. **Type of Document:** E-mail and Attachment with Comments on a Draft
**Subject:** FW:  Draft ECP and Wind Energy Guidance – Redline Documents
**To:** Michael Young, David Cottingham, Jerome Ford, Jeff Underwood (USFWS)
**From:** Megan Feeney (DOI)
**Date:** February 7, 2011
**Description: These document have been released, but mostly redacted.** This document includes an e-mail exchange forwarding comments on an internal draft version dated October 28, 2011, of the Land-Based Wind Energy Guidelines.  These comments

were reviewed by the U.S. Fish and Wildlife Service (USFWS) along with comments received from other federal agencies and used to make appropriate edits to the draft Guidelines. Redactions include cell phone numbers, for privacy reasons, and the complete redaction of comments provided to USFWS from the Council on Environmental Quality (CEQ), per consultation with CEQ and a decision that the comments were made on a draft that was not publicly available, were an inter-agency communication, and were developed as part of a deliberative process to create final agency guidelines. To release these communications could potentially interfere with this deliberative process, as agency personnel may become reluctant to offer candid opinions, and exchange views, as those communications may be made public subsequently. Furthermore, given CEQ's role in reviewing agency actions throughout the Executive Branch, a disclosure in one particular instance could create significant consequences in how CEQ can handle other agencies' equities.

**Exemption(s) Claimed:** Exemptions 5 and 6
**Corresponding Page(s):** Pages 1 – 6

2. **Type of Document:** E-mail and Attachment with Comments on a Draft
**Subject:** FW: OMB Comments – Wind Energy Guidelines
**To:** David Cottingham, Mark Lawyer
**From:** Megan Feeney
**Date:** December 21, 2011
**Description: These document have been released, but mostly redacted.** This document includes an e-mail exchange forwarding comments on an internal draft version dated October 28, 2011, of the Land-Based Wind Energy Guidelines. These comments were reviewed by the U.S. Fish and Wildlife Service (USFWS) along with comments received from other federal agencies and used to make appropriate edits to the draft Guidelines. Redactions include comments provided to USFWS from the Office of Management and Budget (OMB), per consultation with OMB and a decision that the comments were made on a draft that was not publicly available, were an inter-agency communication, and were developed as part of a deliberative process to create final agency guidelines. To release these communications could potentially interfere with this deliberative process, as agency personnel may become reluctant to offer candid opinions, and exchange views, as those communications may be made public subsequently. Furthermore, given OMB's role in reviewing agency actions throughout the Executive Branch, a disclosure in one particular instance could create significant consequences in how CEQ can handle other agencies' equities.

**Exemption(s) Claimed:** Exemption 5
**Corresponding Page(s):** Pages 2 - 140

Fish and Wildlife Service Region Two Documents

| | |
|---|---|
| 1. | **Type of Document:** Copy of a Check (1p)<br>**Subject:** N/A<br>**To:** N/A<br>**From:** N/A<br>**Date:** Undated<br>**Description: This document has been redacted.** Copy of a check. The check accompanied a letter from Katie Wade (USFWS) to James Sinclair (Texas Environmental Studies & Analysis, LLC) providing confirmation of cancelled Permit. Confidential financial information (bank account numbers) on the copy of the check was redacted pursuant to Exemption (b)(4).<br>**Exemption(s) Claimed:** Withheld in full under Exemption (b)(4).<br>**Corresponding Page(s):** 2 |
| 2. | **Type of Document:** Notes (1p)<br>**Subject:** Post-construction Fatality Monitoring Plan at Iberdrola Renewables Penascal Wind Facility in Kenedy County, Texas<br>**To:** Robert Murphy, USFWS<br>**From:** Bill Howe, USFWS<br>**Date:** Undated<br>**Description: This document has been withheld in full.** Handwritten notes requesting review/input on proposal and reply comments. The pre-decisional handwritten notes include a candid internal evaluation of the Post-construction fatality monitoring plan at Iberdrola Renewables Penascal Wind Facility in Kenedy County, Texas. The plan was prepared by Tex Environmental Studies and Analysis LLC. The release of the handwritten notes may have a chilling effect on future internal deliberations.<br>**Exemption(s) Claimed:** Exemption 5<br>**Corresponding Page(s):** 8 |
| 3. | **Type of Document:** Comments (3p)<br>**Subject:** Internal Review of Proposal<br>**To:** Bill Howe, USFWS<br>**From:** Robert Murphy, USFWS<br>**Date:** 5/3/2010<br>**Description: This document has been withheld in full.** Pre-decisional internal evaluation of the Post-construction fatality monitoring plan at Iberdrola Renewables Penascal Wind Facility in Kenedy County, Texas. The plan was prepared by Tex Environmental Sutdies and Analysis LLC. The release of the internal review may jeopardize the necessary open nature of evaluations and have a chilling effect on future deliberations.<br>**Exemption(s) Claimed:** Exemptions 5<br>**Corresponding Page(s):** 9 |
| 4. | **Type of Document:** Email (2p)<br>**Subject:** Additional Comments about Scientific Collecting Permit<br>**To:** Bill Howe, USFWS, et. al. |

**From:** Margaret Land, Texas Environmental Studies & Analysis, LLC
**Date:** 5/13/2010
**Description: This document has been released, but partially redacted.** Home telephone number redacted pursuant to Exemption (b)(6). The privacy interest of the individual outweighs any public interest in this information.
**Exemption(s) Claimed:** Exemption 6
**Corresponding Page(s):** 18

5. **Type of Document:** Memorandum with Handwritten notes (9p)
**Subject:** Responses to Items Concerning Scientific Collecting Permit and Wind Farms in Kenedy County
**To:** Bill Howe, USFWS, et. al.
**From:** Margaret Land, Texas Environmental Studies & Analysis, LLC
**Date:** 5/12/2010
**Description: This document has been released, but partially redacted.** Handwritten notes by USFWS staff were redacted. The release of these candid comments may jeopardize the necessary open nature of evaluations and have a chilling effect on future internal deliberations.
**Exemption(s) Claimed:** Exemption 5
**Corresponding Page(s):** 20

6. **Type of Document:** Email (1p)
**Subject:** Scientific Collecting Permit Application and Attachments (Docs 22-26)
**To:** Margaret Land, Texas Environmental Studies & Analysis, LLC
**From:** Katie Wade, USFWS
**Date:** 4/27/2010
**Description: This document has been released, but partially redacted.** Personal information regarding the applicant's marital status was redacted as it was not relevant to the permitting process. The privacy interest of the individual outweighs any public interest in this information.
**Exemption(s) Claimed:** Exemption 6
**Corresponding Page(s):** 21

7. **Type of Document:** Form (2p)
**Subject:** Fish and Wildlife Permit Application Form - Migratory Bird Scientific Collecting
**To:** N/A
**From:** Margaret Land, Texas Environmental Studies & Analysis, LLC
**Date:** 4/26/2010
**Description: This document has been released, but partially redacted.** Confidential financial information (Tax identification number) was redacted.
**Exemption(s) Claimed:** Exemption 4
**Corresponding Page(s):** 22

8. **Type of Document:** Summary of Additional Information for the Permit application (3p)
**Subject:** Supplemental information for the Permit application
**To:** N/A

**From:** Margaret Land, Texas Environmental Studies & Analysis, LLC
**Date:** N/A
**Description:** **This document has been released, but partially redacted.** Personal information redacted regarding the applicant's marital history as it was not relevant to the permitting process. The privacy interest of the individual outweighs any public interest in this information.
**Exemption(s) Claimed:** Exemption 6
**Corresponding Page(s):** 24

9. **Type of Document:** Form (2p)
**Subject:** Fish and Wildlife Permit Application Form - Migratory Bird Scientific Collecting -
**To:** N/A
**From:** Margaret Land, Texas Environmental Studies & Analysis, LLC
**Date:** N/A
**Description:** **This document has been released, but partially redacted.** Duplicate of DOC 22 but with Date/Paid stamps. Confidential financial information (Tax identification number) was redacted.
**Exemption(s) Claimed:** Exemption 4
**Corresponding Page(s):** 27

10. **Type of Document:** Meeting Minutes (6p)
**Subject:** Meeting Between Representatives of Babcock and Brown, PPM Energy/Iberdrola, their Consultants and USFWS discussing surveys, the use of radar systems, mitigation, insect contamination, and compliance with the Migratory Bird Treaty Act and the ESA.
**To:** USFWS
**From:** Albert Manville, USFWS
**Date:** 2/15/2008
**Description:** **This document has been withheld in full.** Meeting Between Representatives of Babcock and Brown, PPM Energy/Iberdrola, their Consultants and USFWS discussing surveys, the use of radar systems, mitigation, insect contamination, and compliance with the Migratory Bird Treaty Act and the ESA. The release of this record may interfere with enforcement proceedings.
**Exemption(s) Claimed:** Exemption 7(a)
**Corresponding Page(s):** 36 A

11. **Type of Document:** Letter (2p)
**Subject:** Provides notice to the USFWS of 2 incidents potentially involving brown pelican at the Gulf Wind site.
**To:** Allan Strand, USFWS
**From:** Alan Glen, Smith & Robertson Attorneys at Law
**Date:** 10/17/2008
**Description:** **This document has been withheld in full.** Letter regarding TX Gulf Wind Report of incidents potentially involving Brown Pelican. The record is part of an investigative file and release of this record may interfere with enforcement proceedings.
**Exemption(s) Claimed:** Exemption 7(a)
**Corresponding Page(s):** 37

| | |
|---|---|
| **12.** | **Type of Document:** Email String (8p)<br>**Subject:** Internal USFWS discussion of the appropriate type of permit (salvage or Special Purpose Utility Permit) to issue with respect to wind farms.<br>**To:** Pat Clements, USFWS; Allan Strand, USFWS;  Laila Lienesch, USFWS<br>**From:**  Dawn Whitehead, USFWS<br>**Date:** 12/21/2009<br>**Description: This document has been released, but partially redacted.**  Internal USFWS discussion of the appropriate type of permit (salvage or Special Purpose Utility Permit) to issue with respect to wind farms. The record is part of an investigative file and release of this record may interfere with enforcement proceedings.<br>**Exemption(s) Claimed:** Exemption 7(a)<br>**Corresponding Page(s):** 66 |
| **13.** | **Type of Document:** Email String (8p)<br>**Subject:** Internal USFWS discussion of the appropriate type of permit (salvage or Special Purpose Utility Permit) to issue with respect to wind farms.<br>**To:** Pat Clements, USFWS; Allan Strand, USFWS;  Laila Lienesch, USFWS<br>**From:**  Dawn Whitehead, USFWS<br>**Date:** 12/21/2009<br>**Description: This document has been released, but partially redacted.**  Internal USFWS discussion of the appropriate type of permit (salvage or Special Purpose Utility Permit) to issue with respect to wind farms. The record is part of an investigative file and release of this record may interfere with enforcement proceedings.<br>**Exemption(s) Claimed:** Exemption 7(a)<br>**Corresponding Page(s):** 66A |
| **14.** | **Type of Document:** Email String (3p)<br>**Subject:** USFWS discussion of a pelican strike detected at Penascal and request from the US Navy for 30 mile windfarm buffer from training facilities.<br>**To:** Laila Lienesch, USFWS, Dave Krueper, USFWS, Omar Bocanegra, USFWS, Pat Clements, USFWS<br>**From:**  Dawn Whitehead, USFWS<br>**Date:** 6/9/2010<br>**Description: This document has been released, but partially redacted.**  USFWS discussion of a pelican strike detected at Penascal and request from the US Navy for 30 mile windfarm buffer from training facilities. The record is part of an investigative file and release of this record may interfere with enforcement proceedings.<br>**Exemption(s) Claimed:** Exemption 7(a)<br>**Corresponding Page(s):** 68 |
| **15.** | **Type of Document:** Email (1p)<br>**Subject:** Discussion of monitoring and potential take by wind farms between USFWS staff and USFWS LE Agent<br>**To:** Dawn Whitehead, USFWS, et al.<br>**From:**  OLE Officer, USFWS<br>**Date:** OLE Officer, USFWS |

**Description: This document has been released, but partially redacted.** Discussion of monitoring and potential take by wind farms between USFWS staff and USFWS LE Agent The record is part of an investigative file and release of this record may interfere with enforcement proceedings.
**Exemption(s) Claimed:** Exemption 7(a)
**Corresponding Page(s):** 69

| | |
|---|---|
| 16. | **Type of Document:** Email String (2p)<br>**Subject:** Internal USFWS discussion of compilation of records for LE purposes regarding Kenedy Ranch Wind Farm in Laguna Madre<br>**To:** Jeff Haskins, USFWS<br>**From:** OLE Officer, USFWS<br>**Date:** N/A<br>**Description: This document has been released, but partially redacted.** Internal USFWS discussion of compilation of records for LE purposes regarding Kenedy Ranch Wind Farm in Laguna Madre. The record is part of an investigative file and release of this record may interfere with enforcement proceedings.<br>**Exemption(s) Claimed:** Exemption 7(a)<br>**Corresponding Page(s):** 70 |
| 17. | **Type of Document:** Email (3 p)<br>**Subject:** Information submitted to the USFWS concerning white pelicans hit by turbine with attached Google Earth Map/Coordinate Data.<br>**To:** Bill Howe, USFWS; Albert Manville, USFWS<br>**From:** David Newstead, Coastal Bend Audubon Society<br>**Date:** 6/10/2010<br>**Description: This document has been released, but partially redacted.** Information submitted to the USFWS concerning white pelicans hit by turbine with attached Google Earth Map/Coordinate Data. The record is part of an investigative file and release of this record may interfere with enforcement proceedings.<br>**Exemption(s) Claimed:** Exemption 7(a)<br>**Corresponding Page(s):** 73 |
| 18. | **Type of Document:** Draft Document (17p)<br>**Subject:** Avian and Bat Protection Plan (ABPP) for the Penascal Wind Project [Draft April 14, 2009]<br>**To:** N/A<br>**From:** Iberdrola Renewables<br>**Date:** 4/14/2009<br>**Description: This document has been withheld in full.** The draft project-specific ABPP is non-public, confidential, and privileged commercial information that falls under Exemption 4 and should therefore not be disclosed. Specifically, these materials include detailed descriptions of corporate standards, data collection and monitoring programs, Iberdrola Renewables' project design, construction measures, results of Iberdrola Renewables' studies, and other proprietary information. Iberdrola Renewables holds this information in strict confidence, and its disclosure would cause substantial harm to Iberdrola Renewables' |

competitive position by allowing potential competitors to benefit from the time and resources that Iberdrola Renewables has expended in developing this commercial framework. The documents were voluntarily submitted with an expectation of privacy, have not been released to the public, do contain proprietary and commercial information, and that release of the documents at this time could result in a commercial or financial injury to the submitter. Further, disclosure of this information would impair the government's ability to obtain necessary information in the future.

**Exemption(s) Claimed:** Exemption 4

**Corresponding Page(s):** 142A

| | |
|---|---|
| 19. | **Type of Document:** Draft Document (61p) |

**Subject:** Project-Specific Avian and Bat Protection Plan for the Penascal I Wind Project: Iberdrola Renewables

**To:** N/A

**From:** Iberdrola Renewables

**Date:** 12/1/2009

**Description: This document has been withheld in full.** The draft project-specific ABPP is non-public, confidential, and privileged commercial information that falls under Exemption 4 and should therefore not be disclosed. Specifically, these materials include detailed descriptions of corporate standards, data collection and monitoring programs, Iberdrola Renewables' project design, construction measures, results of Iberdrola Renewables' studies, and other proprietary information. Iberdrola Renewables holds this information in strict confidence, and its disclosure would cause substantial harm to Iberdrola Renewables' competitive position by allowing potential competitors to benefit from the time and resources that Iberdrola Renewables has expended in developing this commercial framework. The documents were voluntarily submitted with an expectation of privacy, have not been released to the public, do contain proprietary and commercial information, and that release of the documents at this time could result in a commercial or financial injury to the submitter. Further, disclosure of this information would impair the government's ability to obtain necessary information in the future.

**Exemption(s) Claimed:** Exemption 4

**Corresponding Page(s):** 151A

| | |
|---|---|
| 20. | **Type of Document:** Memo and Report (15p) |

**Subject:** Memo regarding Penascal TAC Meeting on June 1, 2006 with a Draft 2005/2006 Avian Risk Assessment for the Penascal Wind Farm Project

**To:** Penascal Technical Advisory Committee (TAC) Members

**From:** Penascal Technical Advisory Committee (TAC) Members

**Date:** Penascal Technical Advisory Committee (TAC) Members

**Description: This document has been withheld in full.** This document is confidential commercial information. The information presented in this document was obtained at a cost to Iberdrola Renewables. Competitors would avoid this cost (and thus substantially harm Iberdrola Renewables) should they have access to this document and have a distinct competitive advantage of this wind resource area without conducting their own studies. Iberdrola Renewables would not release this document under normal circumstances. The document was voluntarily submitted to the USFWS and contains proprietary and commercial information that has not been released to the public.

**Exemption(s) Claimed:** Exemption 4

**Corresponding Page(s):** 163

21. **Type of Document:** Draft document (7p)
    **Subject:** Working draft of Post-Construction Wildlife Monitoring and Reporting System (WMRS) for Iberdrola Renewable Wind Projects
    **To:** USFWS
    **From:** Iberdrola Renewables
    **Date:** 11/30/2009
    **Description:** **This document has been withheld in full.** This document is properly considered a trade secret given that it is a commercially valuable plan, formula, process or device used to make prepare or process a commodity. Iberdrola Renewables has expended significant costs to develop the WMRS and it is a competitive advantage in the wind industry. At a minimum, the WMRS should be considered confidential commercial. The document was voluntarily submitted with an expectation of privacy, have not been released to the public, do contain proprietary and commercial information, and that release of the documents at this time could result in a commercial or financial injury to the submitter. Further, disclosure of this information would impair the government's ability to obtain necessary information in the future.
    **Exemption(s) Claimed:** Exemption 4
    **Corresponding Page(s):** 169

22. **Type of Document:** Email (2p)
    **Subject:** Transmission of News Article and Internal Discussion
    **To:** USFWS Staff
    **From:** Dave Frederick (Forwarded by Dawn Whitehead)
    **Date:** 1/3/2008
    **Description:** **This document has been released, but partially redacted.** Personal email address redacted. The privacy interest of the individual outweighs any public interest in this information.
    **Exemption(s) Claimed:** Exemption 6
    **Corresponding Page(s):** 206

23. **Type of Document:** Email (1p)
    **Subject:** Email Transmitting Iberdrola Merlin Radar Locations and Turbine Map
    **To:** Pat Clements, USFWS
    **From:** Albert Manville, USFWS
    **Date:** 9/19/2008
    **Description:** **This document has been released, but partially redacted.** FWS employee's home address redacted. The privacy interest of the individual outweighs any public interest in this information.
    **Exemption(s) Claimed:** Exemption 6
    **Corresponding Page(s):** 207

24. **Type of Document:** Email String (4p)
    **Subject:** Re: Fw: Penascal Radar Operations SCADA Conflict
    **To:** Multiple USFWS Recipients

**From:** Dawn Whitehead, USFWS
**Date:** 12/9/2009
**Description: This document has been released, but partially redacted.** Conference call number and code redacted. The privacy interest of the individuals outweighs any public interest in this information.
**Exemption(s) Claimed:** Exemption 6
**Corresponding Page(s):** 208

---

25. **Type of Document:** Email String(28p)
**Subject:** Transmission of Dr. Perrigo's Report and Affidavit (Three Attachments Total Documents Obtained During Court Ordered Discovery Between the Coastal Coalition and the Wind Power Companies) (Also See Docs 93 and 103).
**To:** Dave Fredrick, et al.
**From:** Dawn Whitehead, USFWS
**Date:** 7/14/2008
**Description: This document has been released, but partially redacted.** Personal email address redacted. The privacy interest of the individual outweighs any public interest in this information.
**Exemption(s) Claimed:** Exemption 6
**Corresponding Page(s):** 214

---

26. **Type of Document:** Email String (3p)
**Subject:** Comments Regarding Dr. Perrigo's Report
**To:** Dawn Whitehead, USFWS, et al.
**From:** Dave Fredrick
**Date:** 7/14/2008
**Description: This document has been released, but partially redacted.** Personal email address redacted per Exemption (b)(6). The privacy interest of the individual outweighs any public interest in this information.
**Exemption(s) Claimed:** Exemption 6
**Corresponding Page(s):** 215

---

27. **Type of Document:** Handwritten Notes (5p)
**Subject:** Notes from a meeting between USFWS LE Officers, the Department of Justice, and USFWS staff discussing survey data and curtailment criteria.
**To:** File
**From:** N/A
**Date:** 2/16/2010
**Description: This document has been withheld in full.** The record is part of an investigative file and release of this record may interfere with enforcement proceedings.
**Exemption(s) Claimed:** Exemption 7(a)
**Corresponding Page(s):** 241

---

28. **Type of Document:** Powerpoint Presentation (42p)
**Subject:** Penascal Avain and Bat Fatality Studies and Spring 2011 Study Planning - Marked "Business Confidential - FOIA Exempt"

**To:** USFWS
**From:** Iberdrola Renewables
**Date:** 2/16/2011
**Description:** **This document has been released, but partially redacted.** These pages contain information with regards to capabilities, use in operations, effectiveness, discoveries, and advancements associated with radar monitoring and curtailment. The information presented in these pages was obtained at a cost to Iberdrola Renewables. Competitors would avoid this cost (and thus substantially harm Iberdrola Renewables) should they have access to this information and have a distinct competitive advantage. Iberdrola Renewables would not release this information under normal circumstances. The documents were voluntarily submitted with an expectation of privacy, have not been released to the public, do contain proprietary and commercial information, and that release of the documents at this time could result in a commercial or financial injury to the submitter. Further, disclosure of this information would impair the government's ability to obtain necessary information in the future.
**Exemption(s) Claimed:** Exemption 4
**Corresponding Page(s):** 243A

29. **Type of Document:** Report (104p)
**Subject:** Project Specific Avian and Bat Protection Plan (PSABPP) for Pensacal I/II Wind Projects
**To:** N/A
**From:** Iberdrola Renewables
**Date:** 10/1/2010
**Description:** **This document has been released, but partially redacted.** The draft project-specific ABPP is non-public, confidential, and privileged commercial information. Specifically, these materials include detailed descriptions of corporate standards, data collection and monitoring programs, Iberdrola Renewables' project design, construction measures, results of Iberdrola Renewables' studies, and other proprietary information. Iberdrola Renewables holds this information in strict confidence, and its disclosure would cause substantial harm to Iberdrola Renewables' competitive position by allowing potential competitors to benefit from the time and resources that Iberdrola Renewables has expended in developing this commercial framework. The documents were voluntarily submitted with an expectation of privacy, have not been released to the public, do contain proprietary and commercial information, and that release of the documents at this time could result in a commercial or financial injury to the submitter. Further, disclosure of this information would impair the government's ability to obtain necessary information in the future.
**Exemption(s) Claimed:** Exemption 4
**Corresponding Page(s):** 245C

Fish and Wildlife Service Region Three Documents

1. **Type of Document:** Calculations for determining Local Area Eagle Populations near

Goodhue Wind Farm, Excel

**Subject:** Calculations for Loc Area Pop

**To:** NA

**From:** NA

**Date:** April 2012

**Description: :  This document was withheld in its entirety.**  This document details how to calculate the local area eagle population, which is a necessary preliminary step to determine local eagle threshold population. This threshold will be compared to eagle collision risk model results.  The entire document was withheld because there was no meaningful way to redact all sensitive information and still release the document.  At the time this document was generated, FWS has not yet finalized methods for running the eagle collision risk model. We are considering this deliberative because these are preliminary calculations - the final calculations will be in the EA/EIS for the project if the wind company proceeded with the permit process. These numbers are subject to change depending on the variables and assumptions that go into the model. The actual model is public record, but the way FWS ran our data and the mathematical assumptions FWS made are preliminary.

**Exemption(s) Claimed:** Exemption 5

2. **Type of Document:** Discussion of preliminary eagle collision risk model runs, Word document of an on-line chat

**Subject:** Data by Season_April26_12

**To:** NA

**From:** NA

**Date:** April 26, 2012

**Description: This document was withheld in its entirety.**  This document was a copy of an on-line chat between FWS employees discussing preliminary modeling results for an eagle collision risk model. At the time of this conversation, FWS has not yet finalized methods for running the eagle collision risk model. We are considering this deliberative because these are preliminary calculations - the final calculations will be in the EA/EIS for the project if the wind company proceeded with the permit process. These numbers are subject to change depending on the variables and assumptions that go into the model. The actual model is public record, but the way FWS ran our data and the mathematical assumptions FWS made are preliminary. The entire document was withheld because there was no meaningful way to redact all sensitive information and still release the document.

**Exemption(s) Claimed:** Exemption 5

3. **Type of Document:** Printout of preliminary eagle collision risk model runs, Text

**Subject:** Goodhue_Within_Below_Mar2012

**To:** NA

**From:** NA

**Date:** March 2012

**Description:** This is a print out from a preliminary model run on the eagle collision risk model. This model run looked at eagle exposure both within and below the rotor swept zone. These were preliminary calculations that were subject to change depending on

variables and assumptions, including various methods for dividing up the year into "eagle seasons". The entire document was withheld because there was no meaningful way to redact all sensitive information and still release the document.
**Exemption(s) Claimed:** Exemption 5

| | |
|---|---|
| 4. | **Type of Document:** Printout of preliminary eagle collision risk model runs, Text<br>**Subject:** Goodhue_Within_Mar2012<br>**To:** NA<br>**From:** NA<br>**Date:** March 2012<br>**Description: This document was withheld in its entirety.** This is a print out from a preliminary model run on the eagle collision risk model. This model run looked at eagle exposure only within the rotor swept zone. These were preliminary calculations that were subject to change depending on variables and assumptions, including various methods for dividing up the year into "eagle seasons". The entire document was withheld because there was no meaningful way to redact all sensitive information and still release the document.<br>**Exemption(s) Claimed:** Exemption 5 |
| 5. | **Type of Document:** Printout of preliminary eagle collision risk model runs, Text<br>**Subject:** QuickResults_Feb23<br>**To:** NA<br>**From:** NA<br>**Date:** February 23, 2013<br>**Description: This document was withheld in its entirety.** This is a print out from a preliminary model run on the eagle collision risk model. These were preliminary calculations that were subject to change depending on variables and assumptions, including various methods for dividing up the year into "eagle seasons". The entire document was withheld because there was no meaningful way to redact all sensitive information and still release the document.<br>**Exemption(s) Claimed:** Exemption 5 |
| 6. | **Type of Document:** Call notes from a regional eagle phone meeting, PDF<br>**Subject:** Wednesday, March 14th<br>**To:** NA<br>**From:** NA<br>**Date:** March 14, 2012<br>**Description: This document was released with redactions.** This document is text of a phone meeting in which preliminary collision risk model runs for the Goodhue Wind farm are discussed. These were preliminary calculations that were subject to change depending on variables and assumptions. There was also a predecisional discussion on FWS responsibilities under NEPA. Other parts of the document are redacted because they were non-responsive to the FOIA.<br>**Exemption(s) Claimed:** Exemption 5 |
| 7. | **Type of Document:** Email as PDF Discussing Collision Risk Models<br>**Subject:** 02242012_Re_ Goodhue Wind Farm and BAEAs |

**To:** Larry Harrison, Deanne Endrizzi,  James R Kelley, Jane West, Sean, Steve J Lewis (FWS)
**From:** Paul Richert (FWS)
**Date:** February 24, 2012
**Description: This document was released with redactions.**  Email chain with predecisional discussion of the merits of various collision prediction models.
**Exemption(s) Claimed:** Exemption 5

---

8. **Type of Document:** Discussion of calculating mean interest distance of local area eagles, Word document of an on-line chat between two FWS employees.
**Subject:** Calculating Mean Interest Distance_Apr26_12
**To:** NA
**From:** NA
**Date:** April 26, 2012
**Description: This document was released with redactions.**  This document is a copy of an on-line chat between two FWS employees discussing how to determine mean interest distance between local eagles.  These calculations are necessary to calculate the local area eagle population, which is a necessary preliminary step to determine local eagle threshold population.  This threshold will be compared to eagle collision risk model results.  The entire document was withheld because there was no meaningful way to redact all sensitive information and still release the document.  At the time this document was generated, FWS has not yet finalized methods for running the eagle collision risk model.  We are considering this deliberative because these are preliminary calculations - the final calculations will be in the EA/EIS for the project if the wind company proceeded with the permit process. These numbers are subject to change depending on the variables and assumptions that go into the model. The actual model is public record, but the way FWS ran our data and the mathematical assumptions FWS made are preliminary.
**Exemption(s) Claimed:** Exemption 5

---

9. **Type of Document:** Calculations for determining local area eagle populations and local take thresholds, Word document
**Subject:** Calculation for Local Area Eagle Pop.
**To:** NA
**From:** NA
**Date:** April 24, 2012
**Description: This document was released with redactions.**  This document includes preliminary modeling results for an eagle collision risk model.  At the time this document was written, FWS has not yet finalized methods for running the eagle collision risk model.  We are considering this deliberative because these are preliminary calculations - the final calculations will be in the EA/EIS for the project if the wind company proceeded with the permit process. These numbers are subject to change depending on the variables and assumptions that go into the model. The actual model is public record, but the way FWS ran our data and the mathematical assumptions FWs made are preliminary. Additionally, this document contains preliminary calculations and predecisional deliberations for determining local area take thresholds.
**Exemption(s) Claimed:** Exemption 5

10. **Type of Document:** Written record of a conversation between three service biologists regarding relative risk of the Goodhue Wind project to eagles, Word document
**Subject: :** Conversation with Millsap and Stuber_8.9.11
**To:** NA
**From:** NA
**Date:**
**Description: This document was released with redactions.**  This document was a written record of a conversation between three Service biologists.  It was a predecisional deliberation on the relative risk to eagles that the proposed Goodhue Wind Farm may pose.
**Exemption(s) Claimed:** Exemption 5

11. **Type of Document:** Summary of data collected and data still needed for collision risk modeling, Word document.
**Subject:** Data Needed to Run Collision Risk Assessment_Mar7
**To:** NA
**From:** NA
**Date:** March 7, 2012
**Description: This document was released with redactions.**  This document includes predecisional discussions within the Service on the merits of various collision risk models.  This document also contains discussions about different variables and assumptions in collision risk model runs.
**Exemption(s) Claimed:** Exemption 5

12. **Type of Document:** Written notes from a phone call, as well as text from an on-line chat discussing various model inputs and assumptions.
**Subject:** Data Runs for Goodhue_May22
**To:** NA
**From:** NA
**Date:** May 22, 2012
**Description: This document was released with redactions.**  This document was a written record of a phone meeting as well as copy of an on-line chat discussing various model inputs and assumptions.  This discussion also included proprietary data from another wind project used as an example.  Document includes predecisional discussion of various data collection techniques and how that may affect model outputs, as well as a discussion of varying model assumptions and how these assumptions influence data outputs.
**Exemption(s) Claimed:** Exemption 4, 5

13. **Type of Document:** Conversation on impact of eagle take on local eagle populations, Word document of an on-line chat between two FWS employees.
**Subject:** Emily
**To:** NA
**From:** NA
**Date:** April 18, 2012

**Description: This document was released with redactions.** Document is predecisional discussion of impact of potential eagle take on local area eagle population and eagle population thresholds.  Document also discusses role of compensatory mitigation in response to unexpected eagle take.
**Exemption(s) Claimed:** Exemption 5

| | |
|---|---|
| 14. | **Type of Document:** Discussion of methods for calculating eagle exposure, Email, pdf<br>**Subject:** Fw_ New Spring Data Models<br>**To:** Emily Bjerre, Matt Stuber (FWS)<br>**From:** Margaret Rheude (FWS)<br>**Date:** May 10, 2012<br>**Description: This document was released with redactions.** Email includes predecisional discussion of how to calculate eagle exposure around wind turbines (from preconstruction survey data).<br>**Exemption(s) Claimed:** Exemption 5 |
| 15. | **Type of Document:** Discussion of upcoming internal FWS meeting, Email, pdf<br>**Subject:** Fw_ Region 3 Eagle Meeting April 3-4_ASK<br>**To:** Larry Harrison (FWS)<br>**From:** Sean Kelly (FWS)<br>**Date:** March 29, 2012<br>**Description:  This document was released with redactions.**  Email chain with discussion of an upcoming internal FWS meeting. Redacted portion is internal predecisional deliberative discussion of the FWS Service collision risk model, including input and output variables, and discussions of other collision risk models.<br>**Exemption(s) Claimed:** Exemption 5 |
| 16. | **Type of Document:** Discussion of calculating eagle collision risk with potential Goodhue turbines, Word document of an on-line chat between two FWS employees<br>**Subject:** Goodhue 100m Downgrade of Eagle Minutes_May10_12<br>**To:** NA<br>**From:** NA<br>**Date:** May 10, 2012<br>**Description: This document was released with redactions.**  Discussion of calculating eagle collision risk with potential Goodhue turbines, including predecisional discussion of survey methodology, eagle risk exposure, preliminary model results, and eagle take permit structure.  Also includes discussion of health concerns of a FWS employee, which was redacted for privacy purposes.<br>**Exemption(s) Claimed:** Exemptions 5, 6 |
| 17. | **Type of Document:** Output numbers of various model runs from eagle collision risk model, Excel Spreadheet as a PDF.<br>**Subject:** GoodhueCMComp_<br>**To:** NA<br>**From:** NA<br>**Date:** May 22, 2012 |

**Description: This document was released with redactions.** Output numbers of various model runs from eagle collision risk model. These are preliminary calculations with numbers subject to change depending on the variables and assumptions that go into the model.

**Exemption(s) Claimed:** Exemption 5

18. **Type of Document:** Output numbers of various model runs from eagle collision risk model, Excel Spreadheet as a PDF.
**Subject:** GoodhueCMComp_May22_12
**To:** NA
**From:** NA
**Date:** May 22, 2012
**Description: This document was released with redactions.** Output numbers of various model runs from eagle collision risk model. These are preliminary calculations with numbers subject to change depending on the variables and assumptions that go into the model.
**Exemption(s) Claimed:** Exemption 5

19. **Type of Document:** PDF of an email containing attachments of printout results from collision risk modeling runs.
**Subject:** Model Print-outs
**To:** Emily Bjerre, Margaret Rheude (FWS)
**From:** Matthew Stuber (FWS)
**Date:** March 28, 2012
**Description: This document was released with redactions.** This document is a PDF of an email sent between FWS employees. The email contained no actual text, rather only two .txt files containing collision risk model printouts. The PDF of the email document was sanitized so that the links in the PDF were no longer active and could no longer be downloaded. The attachments in the PDF of the email are model printouts are detailed in numbers 3 and 4 above in this Vaughn Index ("Goodhue_within_below_Mar2012" and "Goodhue_within_Mar2012").

**Exemption(s) Claimed:** Exemption 5

20. **Type of Document:** Email as PDF with attachment.
**Subject:** Modeling Stuff Still Needed for Goodhue (NEPA, etc)
**To:** Matthew Stuber, Emily Bjerre (FWS)
**From:** Margaret Rheude (FWS)
**Date:** May 16, 2012
**Description: This document was released with redactions.** This document is a PDF of an email. The actual text of the email was released without redactions. The email also contained a link to a document titled "Model update emily_May16.docx". The PDF of the email was sanitized so that the document in the email could not be selected and downloaded.
**Exemption(s) Claimed:** Exemption 5

21. **Type of Document:** Email containing an R file with collision risk model code.
**Subject:** New Goodhue Model Data
**To:** Margaret Rheude (FWS)
**From:** Emily Bjerre (FWS)
**Date:** February 23, 2012
**Description: This document was released with redactions.** This email contained an R file titled "GoodhueCMdata.R". This email was sanitized so that the links in the pdf could no longer be downloaded. The R data file contains code for running the collision risk model. This code for the model will produce a preliminary output of collision risk numbers are subject to change depending on the variables and assumptions that go into the model.
**Exemption(s) Claimed:** Exemption 5

22. **Type of Document:** Email as PDF, discussing collision risk models
**Subject:** Re: Goodhue Wind Farm and BAEAs
**To**: Larry Harrison, Deanne Endrizzi, Jane West, James Kelley, Sean Kelly, Steve J Lewis (FWS)
**From:** Paul Richert
**Date:** February 24, 2012
**Description: This document was released with redactions.** This is a duplicate email of #7 from above titled "02242012_Re_ Goodhue Wind Farm and BAEAs_Redacted". This was included in the FOIA as a duplicate in error.
**Exemption(s) Claimed:** Exemption 5

23. **Type of Document:** Email chain as a PDF, Discussion on permit issuance and data collection.
**Subject**: Re: Thoughts Before this Afternoon's AWA Meeting Today
**To:** Margaret Rheude, Deanne Endrizzi, Jane West, Larry Harrison, Paul Richert, Tony Sullins (FWS)
**From:** Matthew Stuber (FWS)
**Date:** March 6, 2012
**Description: This document was released with redactions.** Predecisional deliberative discussions on FWS permit issuance and possible permit conditions, as well as potential methods for data collection to allow for more precise model outputs (this description is valid also for #24, 26, 27, and 28 below in this Vaughn Index).
**Exemption(s) Claimed:** Exemption 5

24. **Type of Document:** Email chain as PDF, Discussion on permit issuance and data collection.
**Subject:** Re: Thoughts Before this Afternoon's AWA Meeting
**To:** Margaret Rheude, Deanne Endrizzi, Matthew Stuber, Jane West, Larry Harrison, Tony Sullins (FWS)
**From:** Paul Richert (FWS)
**Date:** March 6, 2012
**Description: This document was released with redactions.** Continuation of email chain described above in #23. Additional discussion of potential FWS eagle take permit

condition.
**Exemption(s) Claimed:** Exemption 5

---

25. **Type of Document:** Email chain as PDF
**Subject:** Re: Westwood Data
**To:** Margaret Rheude (FWS)
**From:** Matthew Stuber (FWS)
**Date:** March 16, 2012
**Description: This document was released with redactions.** Redacted portions discuss scope of NEPA and EA for potential eagle take permit. Discussion is predecisional deliberative as permit had not been issued, nor had decision reached of whether to issue permit as data had not been fully analyzed. Redacted out also was a link to a FWS office calendar. (Exemption 6)
**Exemption(s) Claimed:** Exemption 5

---

26. **Type of Document:** Notes for an internal FWS meeting before a meeting with Goodhue Wind, Word document.
**Subject:** Talking Points - FWS Meeting
**To:** NA
**From:** NA
**Date:**
**Description: This document was released with redactions.** This is a word document copy of part of an email chain, the text of which is included in documents 23 and 24 (above in this Vaughn Index).
**Exemption(s) Claimed:** Exemption 5

---

27. **Type of Document:** Email chain as PDF, Discussion on permit issuance and data collection.
**Subject:** Thoughts Before this Afternoon's AWA Meeting Today
**To:** Jane West, Larry Harrison, Paul Richert, Deanne Endrizzi, Tony Sullins (FWS)
**From:** Margaret Rheude (FWS)
**Date:** March 6, 2012
**Description: This document was released with redactions.** Continuation of email chain described above in #23, 24, and the email version of the word document detailed in #26 above in this Vaughn Index.
**Exemption(s) Claimed:** Exemption 5

---

28. **Type of Document:** Email as PDF, Discussion on permit issuance and data collection.
**Subject:** Westwood Data
**To:** Paul Richert, Deanne Endrizzi, Tony Sullins, Matthew Stuber (FWS)
**From:** Margaret Rheude (FWS)
**Date:** March 15 2012
**Description: This document was released with redactions.** Continuation of email chain described above in #23, 24 above in this Vaughn Index.
**Exemption(s) Claimed:** Exemption 5

Fish and Wildlife Service Region Six Documents

| | |
|---|---|
| 1. | **Type of Document:** Letter with Environmental Synopsis Report<br>**Subject:** Rolling Thunder I Wind Power Project Hand County, South Dakota<br>**To:** Natalie Gates (USFWS)<br>**From:** Brandy Gibson (BP Alternative Energy NA, Inc.<br>**Date:** February 11, 2009<br>**Description: This document has been partially redacted due to Confidential Commercial Information.** This is a transmittal of an environmental synopsis report for the Rolling Thunder I Wind Power Project. This synopsis was voluntarily submitted to the USFWS. BP Wind Energy North America has a commercial interest in the documents in question because it conducted research and generated a report and plans to assess how best to operate this wind energy facility. Also, the site specific information is unique in character, and provides key competitive business information used for internal business deliberations about whether and to what extent to get into the wind turbine business. This content could provide an unfair business advantage to other wind energy companies.<br>**Exemption(s) Claimed:** Exemption 4<br>**Corresponding Page(s):** Confidential BPs Environmental Synopsis rept 1 of 2_Redacted.pdf / PDF pages 2 - 70 |
| 2. | **Type of Document:** Appendix B of an Environmental Synopsis Report<br>**Subject:** Appendix B of the Environmental Synopsis Report for the Rolling Thunder I Wind Power Project<br>**To:** N/A<br>**From:** BP Alternative Energy NA, Inc.<br>**Date:** November 2008<br>**Description: This document has been withheld in its entirety.** This appendix is part of the Environmental Synopsis report for the Rolling Thunder I Wind Power Project submitted by BP Wind Energy North America. This synopsis was voluntarily submitted to the USFWS. BP Wind Energy North America has a commercial interest in the documents in question because it conducted research and generated a report and plans to assess how best to operate this wind energy facility. Also, the site specific information is unique in character, and provides key competitive business information used for internal business deliberations about whether and to what extent to get into the wind turbine business. This content could provide an unfair business advantage to other wind energy companies.<br>**Exemption(s) Claimed:** Exemption 4<br>**Corresponding Page(s):** Confidential BPs Environmental Synopsis rept 2 of 2.pdf/ PDF pages 1-40 |
| 3. | **Type of Document:** Wildlife Impact Avoidance, Minimization, and Offsetting Measures Plan<br>**Subject:** Rolling Thunder I Wind Resource Area<br>**To:** N/A<br>**From:** BP Alternative Energy NA, Inc. |

**Date:** April 2009
**Description: This document has been withheld in its entirety.** The offsetting plan describes BP Wind Enery North America's operating plans to avoid wildlife impact. The document was voluntarily submitted to the USFWS and contains commercial plans for the operation of a wind energy business in relation to wildlife impact avoidance.  BP Wind Energy North America has a commercial interest in the documents in question because it conducted research and generated a report and plans to assess how best to operate this wind energy facility. Also, the site specific information is unique in character, and provides key competitive business information used for internal business deliberations about whether and to what extent to get into the wind turbine business.  This content could provide an unfair business advantage to other wind energy companies.
**Exemption(s) Claimed:** Exemption 4
**Corresponding Page(s):** CONFIDENTAL Rolling Thunder Wildlife Plan BG review of FWS comments 5.12.09.doc/ Microsoft Word pages 1-17

| 4. | **Type of Document:** Email |
|---|---|

**Subject:** Rolling Thunder I Wind Project Offsetting Plan Comments
**To:** Scott Larson (USFWS) et.al.
**From:** Jay Prothro (BP Alternative Energy NA, Inc.)
**Date:** May 12, 2009
**Description: This document has been partially redacted due to Confidential Commercial Information.** This document is BP's comments and adjustments to their offsetting plan.  The offsetting plan was voluntarily submitted to the USFWS and contains commercial plans for the operation of a wind energy business in relation to wildlife impact avoidance.  BP Wind Energy North America has a commercial interest in the documents in question because it conducted research and generated a report and plans to assess how best to operate this wind energy facility. Also, the site specific information is unique in character, and provides key competitive business information used for internal business deliberations about whether and to what extent to get into the wind turbine business.  This content could provide an unfair business advantage to other wind energy companies.
**Exemption(s) Claimed:** Exemption 4
**Corresponding Page(s):** Confidential Email BP response to USFWS comments, Wildlife Plan_Redacted.pdf/ PDF page 1 is redacted and PDF pages 2-17 are withheld entirely

| 5. | **Type of Document:** Wildlife Impact Avoidance, Minimization, and Offsetting Measures Plan |
|---|---|

**Subject:** Rolling Thunder I Wind Resource Area
**To:** N/A
**From:** BP Alternative Energy NA, Inc
**Date:** April 2009
**Description: This document has been withheld in its entirety.** This is another version of the Wildlife Impact Avoidance, Minimization, and Offsetting Measures Plan. The offsetting plan was voluntarily submitted to the USFWS and contains commercial plans for the operation of a wind energy business in relation to wildlife impact avoidance.  BP

Wind Energy North America has a commercial interest in the documents in question because it conducted research and generated a report and plans to assess how best to operate this wind energy facility. Also, the site specific information is unique in character, and provides key competitive business information used for internal business deliberations about whether and to what extent to get into the wind turbine business. This content could provide an unfair business advantage to other wind energy companies.

**Exemption(s) Claimed:** Exemption 4

**Corresponding Page(s):** CONFIDENTIAL Rolling Thunder DRAFT Wildlife Plan (before edits by SDES).doc/ PDF pages 1-16

---

6. **Type of Document:** Wildlife Impact Avoidance, Minimization, and Offsetting Measures Plan comments

**Subject:** Rolling Thunder I Wind Resource Area

**To:** N/A

**From:** BP Alternative Energy NA, Inc

**Date:** April 2009

**Description: This document has been withheld in it's entirety.** This is another version of the Wildlife Impact Avoidance, Minimization, and Offsetting Measures Plan. The offsetting plan was voluntarily submitted to the USFWS and contains commercial plans for the operation of a wind energy business in relation to wildlife impact avoidance.  BP Wind Energy North America has a commercial interest in the documents in question because it conducted research and generated a report and plans to assess how best to operate this wind energy facility. Also, the site specific information is unique in character, and provides key competitive business information used for internal business deliberations about whether and to what extent to get into the wind turbine business. This content could provide an unfair business advantage to other wind energy companies.

**Exemption(s) Claimed:** Exemption 4

**Corresponding Page(s):** CONFIDENTIAL Rolling Thunder Wildlife Plan NG and SVL comments 5.7.09.docm/ Microsoft Word pages 1-17

---

7. **Type of Document:** Note of Email

**Subject:** Report of Whooping Crane Sightings

**To:** N/A

**From:** Natalie Gates (USFWS)

**Date:** November 4, 2010

**Description: This document has been partially redacted due to personal identifiable information (PII).** This document is a Report of Whooping Crane Sightings. It contains personal contact information. Phone numbers and addresses have been redacted. This information is personal which can be linked to a particular individual. No public interest has been stated that would be served by disclosing contact information that would outweigh the strong privacy interest of the subject individual.

**Exemption(s) Claimed:** Exemption 6

**Corresponding Page(s):** Redacted_Email Backlunds whooping crane report form.pdf/ PDF pages 2-3 are redacted

---

8. **Type of Document:** Email

**Subject:** Process for sighting Migratory Birds
**To:** Brandy Gibson (BP Alternative Energy NA, Inc.
**From:** Natalie Gates (USFWS)
**Date:** April 9, 2010
**Description: This document has been partially redacted due to personal identifiable information (PII).** This document is a discussion of protocol when sighting migratory birds. It contains a personal emergency phone number.  This number has been redacted. It is personal contact information which can be linked to a particular individual. No public interest has been stated that would be served by disclosing contact information that would outweigh the strong privacy interest of the subject individual.
**Exemption(s) Claimed:** Exemption 6
**Corresponding Page(s):** Emails to add LE contact to crane monitoring plan_Redacted.pdf/ PDF page 2 is redacted

Dated:  September 23, 2013

RESPECTFULLY SUBMITTED
DANA J. BOENTE
ACTING UNITED STATES ATTORNEY

BY

_____
R. JOSEPH SHER
ASSISTANT UNITED STATES ATTORNEY
OFFICE OF THE UNITED STATES ATTORNEY
2100 JAMIESON AVE.,
ALEXANDRIA, VA. 22314
TELEPHONE:    (703) 299-3747
FAX:                  (703) 299-3983
E-MAIL        JOE.SHER@USDOJ.GOV
ATTORNEYS FOR THE DEFENDANT

<u>CERTIFICATE OF SERVICE</u>

I certify that I electronically filed the foregoing *Vaughn* index and supporting declarations with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Tammy L. Belinsky
The Environmental Law Group PLLC
9544 Pine Forest Road
Copper Hill, VA 24079
(540) 929-4222
Fax: (540) 929-9195
Email: tbelinsky@envirolawva.com

Dated:  September 23, 2013

_____/s/_____
R.  Joseph Sher
Assistant United States Attorney
OFFICE OF THE UNITED STATES ATTORNEY
JUSTIN W. WILLIAMS U.S. ATTORNEYS' BUILDING
    2100 JAMIESON AVE.,
    ALEXANDRIA, VA. 22314
    TELEPHONE:    (703) 299-3747
    FAX:                (703) 299-3983
    E-MAIL        JOE.SHER@USDOJ.GOV
    Attorneys for the defendants