IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AMERICAN BIRD CONSERVACY, ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | Case No. 1:13-cv-723 |
| ) | |
| U.S. FISH AND WILDLIFE SERVICE, ) | |
| *et al.*, ) | |
|     Defendants. ) | |

## ORDER

On February 21, 2014, an Order issued requiring defendants to submit for *in camera* review the seventy-three documents at issue in this case. (Doc. 32). On March 7, 2014, defendants timely submitted these documents to chambers. However, the form in which the documents were produced renders it impossible for this Court to conduct an adequate and meaningful *in camera* review of the documents.

To begin with, the documents were produced in large folders that indicated only the region from which each document originated. There are no dividers to distinguish one document from another. Each individual document is not identified by Vaughn Index number, nor is each document identified by the exemption or exemptions that defendant relies on to warrant withholding all or part of the document. Moreover, with respect to documents that reflect partial redactions, it is unclear whether the remainder of those partially redacted documents have otherwise been produced to plaintiff, so that only the redacted portions are being withheld. Finally, defendants represented during the course of oral argument that documents withheld pursuant to Exemption 6 are no longer at issue, yet the documents produced by defendants for *in camera* inspection include documents apparently withheld pursuant to Exemption 6.

Meaningful and efficient *in camera* review of the documents at issue cannot be performed unless individual documents are submitted in individual folders indicating the Vaughn index of each document and the exemption or exemptions defendant relies on for withholding all or part of the document. More specifically, in the event only a portion of the document is withheld, a notation should be placed on the document indicating that the rest of the document has been provided to plaintiff. Additionally, the exemption or exemptions relied on by defendant for withholding all or part of a document should be clearly labelled next to the redaction.

Accordingly, for the reasons stated above, and for good cause,

It is hereby **ORDERED** that defendants are **DIRECTED** to retrieve the submitted documents from chambers promptly, and then to resubmit the documents by April 10, 2014 at 5 p.m. in the following form:

(1) Each of the seventy-three individual documents must be placed in its own individual folder.

(2) The exemption or exemptions relied on by defendant for withholding all or part of a document should be clearly indicated on the document.

(3) If only a portion of the document has been withheld, the exemption relied on for withholding each portion of the document should be clearly marked next to each redacted portion of the document.

(4) If only a portion of the document has been withheld, defendant must clearly indicate on the document whether the remainder of the document has been provided to plaintiff.

(5) Each document submitted must be labeled with the document's Vaughn Index number and category.[1]

Defendants are further advised to review the documents thoroughly to ensure that only documents still at issue are submitted to chambers for review. The Court will then decide the matter without further oral argument unless otherwise ordered.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
March 27, 2014

/s/
T. S. Ellis, III
United States District Judge

---

[1] Category means one of the following: "Office of the Secretary Documents," "FWS Office of Management and Budget Comments," "FWS Region Two Documents," "FWS Region Three Documents," or "FWS Region Six Documents."