IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| AMERICAN BIRD CONSERVANCY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-723 |
| | ) | |
| U.S. FISH AND WILDLIFE SERVICE, | ) | |
| *et al.*, | ) | |
|     Defendants. | ) | |
| | ) | |

## ORDER

At issue on cross-motions for summary judgment in this Freedom of Information Act[1] ("FOIA") case is whether the federal defendants' withholding of certain requested documents is warranted under FOIA Exemptions (b)(4) and (b)(5). Although the parties filed, fully briefed, and argued these cross-motions for summary judgment, it became clear in the course of that process that the document descriptions provided by the federal defendants in the *Vaughn* Index[2] were, by themselves, insufficient to permit a confident assessment of the federal defendants' exemption claims. Accordingly, Orders issued requiring the federal defendants to submit the disputed documents in a form or manner that would facilitate *in camera* review.[3] The documents at issue were submitted, and an *in camera* review of these documents has now been completed.

---

[1] 5 U.S.C. § 552(b).

[2] The term "*Vaughn* Index" derives from *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), and refers to a list of documents withheld by an agency that describes the documents in detail sufficient to enable a reviewing court in a typical case to determine whether the document falls within an FOIA exemption.

[3] The federal defendants made two unsuccessful attempts to produce the documents in an appropriate form before succeeding on the third. *See American Bird Conservancy v. U.S. Fish and Wildlife Service, et al.*, 1:13-cv-00723 (E.D. Va. March 27, 2014) (Order); *American Bird Conservancy*, 1:13-cv-00723 (E.D. Va. April 7, 2014) (Order).

1

This Order records the results of this review and demonstrates that the plaintiff's motion for summary judgment must be granted in part and denied in part, and the federal defendants' motion for summary judgment must be granted in part and denied in part.

## I.

Plaintiff American Bird Conservancy ("ABC") is a non-profit organization that seeks to conserve native birds and their habitats throughout the Americas through scientific research and analysis as well as advocacy. One of ABC's advocacy and research programs, "Bird-Smart Wind Program," is aimed at addressing threats to birds and avian habitats caused by wind energy development. In furtherance of this program, ABC seeks to ensure that the federal government minimizes adverse impact on birds and their habitats during the construction and operation of wind energy facilities. ABC claims that it "cannot effectively pursue its mission of promoting bird-safe wind energy without access to records that reflect how [the U.S. Fish and Wildlife Services] is exercising its own responsibility to protect migratory birds...and in particular, how [the U.S. Fish and Wildlife Services] is engaging with the wind power industry and individual wind power companies." Although ABC's stated need for the documents provides context for the request, it is worth noting, of course, that a requester's need for documents is neither required nor relevant in assessing whether an agency must comply with a FOIA request.[4]

The federal defendants in this case are the U.S. Department of the Interior ("DOI") and the U.S. Fish and Wildlife Services ("FWS"). FWS is a bureau within DOI that seeks to guide

---

[4] *See, e.g., NLRB. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978) (stating that respondent's FOIA rights are not "enhanced by respondent's particular, litigation-generated need for these materials"); *North v. Walsh*, 881 F.2d 1088, 1096 (D.C. Cir. 1989) (holding requester's "need for or intended use" of documents in connection with the Iran-Contra investigation irrelevant to his request for records under FOIA); *Forsham v. Califano*, 587 F.2d 1128, 1134 (D.C. Cir. 1978) (stating that FOIA "does not depend on a showing of need or interest by the particular applicant for the records. Any showing of need or interest is irrelevant...[T]hey have no bearing on the substantive right under FOIA to access the document").

2

conservation, development, and management of America's fish and wildlife resources. DOI is a Cabinet-level agency responsible for managing America's natural and cultural resources. These federal entities are referred to collectively throughout as federal defendants and individually as FWS and DOI.

Three FOIA requests are at issue, two of which were directed to FWS and one of which was directed to both DOI and FWS. The requests, together with the federal defendants' responses, are summarized here.

### A. FOIA Request #1

On April 5, 2011, ABC submitted a request to FWS seeking "full copies of all documents relating to mortality of birds and bats at wind farms in Kenedy County, Texas...and FWS internal and external correspondence about bird and bat mortality at wind farms in Kenedy County, Texas." On April 14, 2011, ABC sent three additional FOIA requests to regional offices of FWS requesting more records pertaining to proposed and constructed wind power facilities, seeking studies of potential bird and bat impacts for the proposed projects, bird and bat mortality data regarding the proposed and constructed projects, and correspondence between FWS and its project developer concerning bird and bat impacts of these projects. FWS released some documents pertaining to these requests, but withheld others subject to certain FOIA exemptions. Specifically, twenty-nine documents from FWS Region Two were withheld subject to FOIA Exemptions (b)(4), (b)(5), (b)(6), and (b)(7)(A); twenty-eight documents from FWS Region Three were withheld subject to FOIA Exemptions (b)(4) and (b)(5); and nine documents from FWS Region Six were withheld subject to FOIA Exemptions (b)(4) and (b)(6).

### B. FOIA Request #2

On June 28, 2012, ABC sent a request to FWS Division of Information Resources and Technology Management in Arlington, Virginia for "review comments from FWS regional and

local offices regarding the drafts of the FWS Land-Based Wind Energy Guidelines" and "interagency review comments regarding the drafts of the FWS Land-Based Wind Energy Guidelines" from agencies other than FWS. On April 10, 2013, FWS released some documents pertaining to these requests, but withheld two documents in their entirety pursuant to Exemption (b)(5). The documents withheld were (1) the comments on the Council on Environmental Quality on the draft Guidelines, and (2) the comments of the Office of Management and Budget on the draft Guidelines.

## C. FOIA Request #3

On March 29, 2013, ABC sent a request to FWS Division of Information Resources and Technology Management in Arlington, Virginia and to the Office of the Secretary of the Interior for "records related to meetings of FWS and other Department of the Interior staff with representatives of nonprofit organizations and renewable energy companies in regard to a proposed rule that would dramatically increase the duration of Eagle Act take permits" and also requested "the FWS guidance document used by wind developers seeking Eagle Act take permits." Specifically, ABC sought "staff communications related to such meetings, including meeting agendas, meeting notes, emails, and letters," as well as "records prepared for the meetings such as handouts and presentations." The federal defendants produced 1187 pages of records responsive to this request, 225 of which were redacted in part pursuant to Exemptions (b)(4) and (b)(5).

## D. Documents Remaining at Issue

On June 14, 2013, plaintiff filed the instant complaint to obtain access to records in the possession of FWS and DOI. At the conclusion of the federal defendants' search for and disclosure of documents, and after the parties' negotiations, 101 documents were listed in the *Vaughn* Index, a number that was subsequently reduced by the parties in further negotiations. At

4

the hearing on the matter on February 21, 2014, the parties clarified that the following documents in five categories, identified by their *Vaughn* Index number, remained at issue:

(1) FWS Region Two documents 2, 3, 5, exempted under (b)(5); and documents 18–21, 28, and 29, exempted under (b)(4);

(2) FWS Region Three documents 1–28, exempted under (b)(5); and document 12, exempted under (b)(4) and (b)(5);

(3) FWS Region Six Documents 1–6 and 9, exempted under (b)(4);

(4) Office of Management and Budget and Counsel on Environmental Quality Comments Documents 1 and 2, exempted under (b)(5); and

(5) Office of the Secretary Documents 1–3, 6–10, 12, 13, 15–17, 19, 21–29, 32, and 33, exempted under (b)(5).

These documents were reviewed *in camera*, and this Order records the result of that review.

## II.

FOIA requires agencies of the federal government, upon request, to conduct a reasonable search for, and release of, records to the public, unless one of nine specific statutory exemptions applies. 5 U.S.C. § 552(b). FOIA is to be construed broadly "to provide information to the public in accordance with its purposes; for the same reason, the exemptions from production are to be construed narrowly." *Ethyl Corp. v. U.S. E.P.A.*, 25 F.3d 1241, 1245 (4th Cir. 1994). The agency called upon to produce documents bears the burden of demonstrating that each document withheld falls within the claimed exemption. *FBI v. Abramson*, 456 U.S. 615, 622 (1982).

In general, FOIA disputes are, and should be, resolved by way of summary judgment. *Id.* This is so because FOIA cases generally involve disputes not about triable issues of fact, but rather about how the law is to be applied to the documents withheld. As a result, once the documents at issue have been properly identified, typically only questions of law remain. *See*

5

*Wickwire Gavin v. U.S. Postal Service*, 356 F.3d 558 (4th Cir. 2004). In a motion for summary judgment in a FOIA case, a court must determine (1) whether the agency has made reasonable efforts to search for the records,[5] and (2) whether the government has properly withheld records or information under any of FOIA's exemptions. At issue in this case are Exemptions (b)(4) and (b)(5).

Exemption (b)(4) exempts "trade secrets and commercial or financial information obtained from a person and privileged or confidential," 5 U.S.C. § 552(b)(4). The Fourth Circuit has endorsed the test developed by the D.C. Circuit in *National Parks*,[6] which provides that documents are "confidential" if "disclosure is likely to (1) impair the government's ability to obtain necessary information in the future, or (2) cause substantial harm to the competitive position of the person from whom the information was obtained." *Acumenics Research & Technology v. U.S. Dept. of Justice*, 843 F.2d 800, 807 (4th Cir. 1988).

Exemption (b)(5) exempts "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 551(b)(5). Accordingly, Exemption (b)(5) "exempts those documents...normally privileged in the civil discovery context." *NLRB v. Sears Roebuck & Co.*, 421 U.S. 132 (1975). The exemption incorporates the privileges that protect materials from discovery in litigation, including deliberative process, confidential commercial information, attorney work-product, and attorney-client. *Id.* at 149. All of the Exemption (b)(5) documents withheld by the federal

---

[5] In judging the adequacy of an agency search for documents, the relevant question "is not whether every single potentially responsive document has been unearthed," but "whether the agency has "demonstrated that it has conducted a search reasonably calculated to uncover all relevant documents." *Ethyl Corp.*, 25 F.3d at 1246. The adequacy of the federal defendants' search in this case is not disputed.

[6] *National Parks and Conservation Ass'n v. Morton*, 498 F.2d 765 (D.C. Cir. 1974).

defendants were withheld on the basis of the "deliberative process" privilege. To be protected by the deliberative process privilege, the documents withheld must be both (1) deliberative and (2) predecisional. The Supreme Court has stated that documents are deliberative if they reflect "advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Id.* at 150. Deliberative material reveals "the manner in which the agency evaluates possible alternative policies or outcomes." *City of Virginia Beach, Va. v. U.S. Dep't of Commerce*, 995 F.2d 1247, 1253 (4th Cir. 1993). In other words, "the privilege does not protect a document which is merely peripheral to actual policy formation; the record must bear on the formulation or exercise of policy-oriented judgment." *Ethyl Corp.*, 25 F.3d at 1248.

Moreover, in addition to being deliberative, a record protected by the deliberative process privilege must be predecisional, that is, "prepared in order to assist an agency decisionmaker in arriving at his decision." *Id.* The deliberative process privilege "rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news." *Department of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8–9 (2001). Thus, the privilege exists to "protect[] open and frank discussion among those who make [agency decisions] within the Government." *Id.* at 8. Although material must bear on an agency's decision-making process, "the government need not identify a specific decision in connection with which a memorandum is prepared," because "agencies are...engaged in a continuing process of examining their policies." *Rein v. U.S. Patent & Trademark Office*, 553 F.3d 353, 374 (4th Cir. 2009).

These principles applied to the above five categories of documents, examined *in camera*, compel the conclusion that most of the withheld documents fall within either Exemption (b)(4)

or (b)(5), and only a few do not and must be disclosed. Each category of documents is more specifically addressed as follows.

### A. FWS Region Two Documents

The federal defendants claim that FWS Region Two documents 18–21, 28, and 29 as identified in the *Vaughn* Index are properly withheld pursuant to Exemption (b)(4), which exempts from production "trade secrets or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4).

A careful review of these documents makes clear that the federal defendants have carried their burden of showing that disclosure of documents 19–21, 28, and 29 would either impair the government's ability to obtain necessary information in the future or cause substantial harm to the competitive position of the person from whom the information was obtained. Thus, the federal defendants have shown that the documents 19–21, 28, and 29 have been withheld properly under Exemption (b)(4).

The federal defendants failed to carry their burden with regard to the first paragraph of FWS Region Two document 18. The information contained in paragraph on page one of the document, under the heading entitled "Project location and scope," is information that is readily available to a member of the public, and thus it is clear that release of this information would not cause "substantial harm to the competitive position of the person from whom the information was obtained." *Acumenics Research*, 843 F.2d at 807 (4th Cir. 1988). Accordingly, the first paragraph of FWS Region Two document 18 must be released to plaintiff.

The federal defendants further claim that FWS Region Two documents 2, 3, and 5 as identified in the *Vaughn* Index are properly withheld on the basis of Exemption (b)(5), which exempts from production records that are "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the

8

agency." 5 U.S.C. § 552(b)(5). All of the Exemption (b)(5) documents listed were withheld by the federal defendants on the basis of the "deliberative process" privilege. A close review of these documents reveals that the federal defendants have carried their burden of showing that FWS Region Two documents 2, 3, and 5 are deliberative and predecisional and thus have been properly withheld under Exemption (b)(5).

### B. FWS Region Three Documents

The federal defendants claim that FWS Region Three document 12 as identified in the *Vaughn* Index are properly withheld pursuant to Exemption (b)(4), which exempts from production "trade secrets or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4).

A close review of this document makes clear that the federal defendants have carried their burden of showing that disclosure of FWS Region Three document 12 would either impair the government's ability to obtain necessary information in the future or cause substantial harm to the competitive position of the person from whom the information was obtained. Thus, the federal defendants have shown that FWS Region Three document 12 has been properly withheld under Exemption (b)(4).

The federal defendants further claim that FWS Region Three documents 1–28 as identified in the *Vaughn* Index are properly withheld on the basis of Exemption (b)(5), which exempts from production records that are "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). All of the Exemption (b)(5) documents listed were withheld by the federal defendants on the basis of the "deliberative process" privilege.

A careful review of these documents makes clear that the federal defendants have carried their burden of showing that FWS Region Three documents 2, 6–16, 20, and 22–28 are deliberative and predecisional and thus have been properly withheld under Exemption (b)(5).

By contrast, the federal defendants failed to carry their burden of showing that FWS Region Three documents 1, 3–5, 17–19, and 21 are deliberative and predecisional. Specifically, FWS Region Three documents 1, 3–5, 17, and 18 must be released to plaintiff because the information contained in the documents comprises only factual calculations without any related analysis or subjective information. In fact, these documents contain information and calculations indecipherable to an average reader, and the *Vaughn* Index does not clarify the alleged predecisional or deliberative quality of the calculation and information provided in the documents. As the Fourth Circuit has stated, information that is "essentially technical and facilitative" is not the type of decision protected by the deliberative process privilege. *Hennessey v. United Agency For Intern. Development*, 121 F.3d 698 (Table), 1997 WL 537998 at *5 (4th Cir. Sept. 2, 1997). *See also Petroleum Information Corp. v. Dep't of Interior*, 976 F.2d 1429, 1437 (D.C. Cir. 1992) (holding that a data file fell outside the deliberative process privilege, even though creation of the file involved the exercise of discretion in how to represent data, in part because the file was not used to implement "a significant policy decision" and was "essentially technical and facilitative"). Accordingly, the above documents must be released to plaintiff.

Documents 19 and 21 appear to be e-mails with attached files. The attached files were provided for *in camera* review as separate documents, which are being released. Moreover, the e-mails themselves contain no substantive information, and thus do not contain any "advisory opinions, recommendations and deliberations." *NLRB v. Sears Roebuck & Co.*, 421 U.S. at 150. Accordingly, documents 19 and 21 must be released to plaintiff.

10

## C. FWS Region Six Documents

The federal defendants claim that FWS Region Six documents 1–6 and 9 as identified in the *Vaughn* Index are properly withheld pursuant to Exemption (b)(4), which exempts from production "trade secrets or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4).

A close review of these documents makes clear that the federal defendants have carried their burden of showing that disclosure of FWS Region Six documents 1–6 and 9 would either impair the government's ability to obtain necessary information in the future or cause substantial harm to the competitive position of the person from whom the information was obtained. Thus, the federal defendants have shown that FWS Region Six documents 1–6 and 9 have been properly withheld under Exemption (b)(4).

## D. Office of the Secretary Documents

The federal defendants claim that Office of the Secretary documents 1–3, 6–10, 12, 13, 15–17, 19, 21–29, 32, and 33 as identified in the *Vaughn* Index are properly withheld on the basis of Exemption (b)(5), which exempts from production records that are "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). All of the Exemption (b)(5) documents listed were withheld by the federal defendants on the basis of the "deliberative process" privilege.

A close review of these documents makes clear that the federal defendants have carried their burden of showing that Office of the Secretary documents 1–3,[7] 6–10, 12, 13, 15–17, 19,

---

[7] To the extent Document 2 is legible, it appears to reflect a deliberative process.

11

21–23, 25–28, 32, and 33[8] are deliberative and predecisional and thus have been properly withheld under Exemption (b)(5).

In contrast, the federal defendants did not carry their burden of showing that Office of the Secretary documents 24 and 29 are deliberative and predecisional. Specifically, the information redacted in Office of the Secretary document 24 must be released because it is neither predecisional nor deliberative and thus is not withheld properly under Exemption (b)(5). The document in question is an e-mail chain in which two members of FWS discuss a letter from plaintiff. The redacted material merely describes the letter from plaintiff, along with a vague statement about the "tenure rule" in relation to "NPS." Thus, it is clear that this document does not reveal "the manner in which an agency evaluates possible alternative policies or outcomes." *City of Virginia Beach, Va.*, 995 F.2d at 1253. Accordingly, the redacted portions of document 24 must be released.

Furthermore, the information redacted in Office of the Secretary document 29 must also be released because it is neither predecisional nor deliberative and thus is not subject to withholding under Exemption (b)(5). The material redacted in document 29 appears, in part, to be public information regarding the publishing dates of certain studies. On the whole, the information redacted clearly does not contain "advisory opinions, recommendations and deliberations"[9] that form the part of the agency's decision-making process, and thus must be released.

---

[8] Documents 17 and 19 were not provided for *in camera* review, but it appears from descriptions provided in the *Vaughn* Index that these documents are deliberative and predecisional.

[9] *NLRB v. Sears, Roebuck & Co.*, 421 U.S. at 150.

### E. Office of Management and Budget and Counsel on Environmental Quality Comments Documents

The federal defendants claim that Office of Management and Budget and Counsel on Environmental Quality Comments documents 1 and 2 as identified in the *Vaughn* Index are properly withheld on the basis of Exemption (b)(5), which exempts from production records that are "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). All of the Exemption (b)(5) documents listed were withheld by the federal defendants on the basis of the "deliberative process" privilege.

A careful review of these documents makes clear that the federal defendants have carried their burden of showing that Office of Management and Budget and Counsel on Environmental Quality Comments documents 1 and 2 are deliberative and predecisional and thus have been properly withheld under Exemption (b)(5).

### II.

Thus, for the reasons stated above, and for good cause,

It is hereby **ORDERED** that the federal defendants' motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**. The federal defendants' motion is **GRANTED** insofar as Exemptions (b)(4) and (b)(5) were validly applied to the following documents, and thus the following documents do not have to be released to plaintiff under FOIA:

(1) FWS Region Two documents 2, 3, 5, 18 with the exception of the first paragraph, 19–21, 28, and 29;

(2) FWS Region Three documents 2, 6–16, 20, and 22–28;

(3) FWS Region Six documents 1–6 and 9;

(4) Office of Management and Budget and Counsel on Environmental Quality Comments documents 1 and 2; and

(5) Office of the Secretary documents 1–3, 6–10, 12, 13, 15–17, 19, 21–23, 25–28, 32, and 33.

Defendants' motion for summary judgment is **DENIED** in all other respects. Accordingly, the Clerk is **DIRECTED** to enter judgment pursuant to Rule 58, Fed. R. Civ. P., in favor of defendants with regard to these documents.

It is further **ORDERED** that plaintiff's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** insofar as Exemptions (b)(4) and (b)(5) were not validly applied to the following documents, and thus the following documents must be released to plaintiff pursuant to FOIA:

(1) FWS Region Two document 18, first paragraph only;

(2) FWS Region Three documents 1, 3–5, 17–19, and 21; and

(3) Office of the Secretary documents 24 and 29.

Plaintiff's motion for summary judgment is **DENIED** in all other respects. Accordingly, the Clerk is **DIRECTED** to enter judgment pursuant to Rule 58, Fed. R. Civ. P., in favor of plaintiff with regard to these documents.

The Clerk is directed to send a copy of this Order to all counsel of record and to place the matter among the ended causes.

Alexandria, Virginia
June 24, 2014

T. S. Ellis, III
United States District Judge